Opinion issued August
11, 2011.



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00741-CV

____________

 








JAIME ROLANDO MONTELONGO, Appellant

 

V.

 

DESIGN TECH COMMERCIAL DISTRIBUTING, L.L.C., Appellee

 

 

On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 940870

 

 



MEMORANDUM OPINION








Jaime
Rolando Montelongo appeals from the summary judgment order signed by the trial
court on May 28, 2010.  

Generally,
appeals may be taken only from final judgments.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53
S.W.3d 352, 352 (Tex. 2001).  Here, the
record reveals that no final judgment has been entered.  The trial court’s “Judgment on Summary
Judgment and Default Judgment” awarding appellee remuneration fails to address Montelongo’s
counterclaim for breach of contract raised in his “First Supplement to
Defendant’s Original Answer (Subject to Motion to Transfer Venue).”  The summary judgment is an interlocutory
order since it does not dispose of the Montelongo’s counter-claim for breach of
contract.  Consequently, the order
granting appellee’s motion for summary judgment remains an interlocutory order
until the trial court disposes of Montelongo’s counterclaim.

On January
24, 2011, the Court notified the parties of its intent to dismiss the appeal
for want of jurisdiction unless appellant filed a response demonstrating this
court’s jurisdiction on or before February 7, 2011.  See Tex. R. App. P. 42.3(a). Appellant has
not filed a response. 

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a),
43.2(f).  We dismiss all pending motions
as moot.

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices
Sharp and Brown.